## DEBRA L. PAPAPIETRO *v.* FARMINGTON POLICE DEPARTMENT
### (AC 32582)

Beach, Alvord and Schaller, Js.

Argued April 25—officially released June 28, 2011

*Debra L. Papapietro*, pro se, the appellant (plaintiff).

*Martha A. Shaw*, with whom, on the brief, was *Michael R. Oleyer*, for the appellee (defendant).

PER CURIAM. The pro se plaintiff, Debra L. Papapietro, appeals from the judgment of the trial court granting the motion for summary judgment of the defendant, the Farmington police department, and denying her motion for summary judgment. She claims that the court erred in granting the defendant's motion and denying her motion. We affirm the judgment of the trial court.

In its memorandum of decision, the court set forth the following facts. On September 7, 2007, Officer Kenneth Miller of the Farmington police department was dispatched to the residence of Kenneth Kohnle in response to a harassment complaint. Kohnle told Miller that the plaintiff, a former employee of Kohnle whose employment had been terminated, began contacting Kohnle requesting a job recommendation, which Kohnle did not want to give. Between September 1 and September 7, 2007, the plaintiff left Kohnle fifteen voice mail messages and twenty-eight text messages. Kohnle became concerned because several of the text messages stated that the plaintiff loved Kohnle and knew that he felt the same way toward her. Kohnle told Miller that he wanted the plaintiff to stop contacting him.

On that same day, September 7, 2007, Miller contacted the plaintiff by telephone. The plaintiff told Miller that she had contacted Kohnle for a job reference because she was being evicted from her apartment and was seeking a job. She indicated to Miller that she would no longer try to contact Kohnle. Miller advised the plaintiff that if she made further contact with Kohnle, she would be arrested for harassment.

In her revised complaint, filed in August, 2008, the plaintiff claimed that Miller's telephone call to her was "without justified legal cause" and that she was "extremely aggrieved" by the call. She alleged that the telephone call was documented in an incident report.

She sought monetary compensation for the "pain and suffering caused by the libelous . . . incident report" and for the "mental anguish, the emotional distress, and the anxiety experienced by the plaintiff, and the lack of peace of mind, the lack of feeling safe and secure . . . that has been aggrieved upon the plaintiff by the defendant, and the detrimental causal effect of the defendant's behavior toward the plaintiff."

On July 14, 2010, the plaintiff filed a motion for summary judgment. On July 16, 2010, the defendant also filed a motion for summary judgment. On August 9, 2010, the court denied the plaintiff's motion and granted the defendant's motion. The court determined that it was not possible to discern from the plaintiff's revised complaint any precise cause of action. The court noted that the plaintiff, in her objection to the defendant's motion, indicated that she had raised claims of defamation and intentional infliction of emotional distress. The court nevertheless analyzed the plaintiff's potential defamation and intentional infliction of emotional distress claims and concluded that the defendant was entitled to summary judgment. This appeal followed.

"Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party moving for summary judgment has the burden of showing the absence of any genuine issue of material fact and that the party is, therefore, entitled to judgment as a matter of law. . . . Our review of the trial court's decision to grant [a] motion for summary judgment is plenary." (Internal quotation marks omitted.) *Rodriguez* v. *Testa*, 296 Conn. 1, 6–7, 993 A.2d 955 (2010).

The plaintiff argues that the court erred in granting the defendant's motion for summary judgment for a number of reasons. She seems to focus her appeal on the argument that the court erred because genuine issues of material fact existed. Having examined the record and the briefs and having considered the arguments of the parties, we are persuaded that the court properly determined that the defendant was entitled to judgment as a matter of law. Even if we liberally construe the complaint and assume that it sounds in defamation and intentional infliction of emotional distress, the plaintiff nonetheless cannot prevail. The materials properly submitted with respect to the motions for summary judgment and oppositions thereto reveal no genuine dispute of fact as to whether Kohnle spoke to Miller, what the essence of their conversation was and what the circumstances and content of the telephone call to the plaintiff were. Although the plaintiff contests several details, the evidence properly submitted reveals no material issue, and the court properly applied the law to the facts.[1]

The plaintiff also argues that the court erred in denying her motion for summary judgment.[2] After having considered the plaintiff's arguments, we conclude that the plaintiff was not entitled to judgment as a matter

[1] The plaintiff has argued that the incident report is not "privileged," in the sense that it may be examined by the public. The "privilege" mentioned by the court in context properly refers to the officer's privilege.

[2] "The denial of a motion for summary judgment is not ordinarily appealable because it is not a final judgment. . . . Where the case has not gone to trial, however, summary judgments are appealable because the rationale that a decision based on more evidence should preclude a decision based on less evidence is not applicable in that situation. . . . A plaintiff may appeal from the denial of its motion for summary judgment where the trial court had granted summary judgment for the defendant and the case had not gone to trial." (Citations omitted; internal quotation marks omitted.) *Prishwalko* v. *Bob Thomas Ford, Inc.*, 33 Conn. App. 575, 589, 636 A.2d 1383 (1994).

of law, and, therefore, the trial court properly denied her motion for summary judgment.

The judgment is affirmed.